[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DATE OF SENTENCE: AUGUST 27, 1999 DATE OF APPLICATION: SEPTEMBER 15, 1999 DATE OF APPLICATION FILED: SEPTEMBER 15, 1999 DATE OF DECISION: DECEMBER 18, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven Docket Number CR96-438991.
Robert O'Brien, Esq. For the State of Connecticut.
Auden Grogins, Esq. For the Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
The Petitioner was convicted by a jury of the crimes of Two counts of arson in the first degree in violation of C.G.S. 53a-111, and one count of conspiracy to commit., arson in the first degree in violation of C.G.S. 53a-48 and 53a-111. The Petitioner received a total effective sentence of 25 years to serve. The Petitioner seeks to have this sentence reviewed.
During the early morning hours of August 18, 1996, the New Haven Fire Department responded to a fire at a large home at 690 Prospect Street, New Haven. Upon arrival, firefighters discovered that the house was unoccupied and that the third floor of the home was fully involved in the fire with flames visible through the windows on that floor. Although the nature of the structure and of the fire itself presented a risky and complex firefighting task, fire personnel were successful in suppressing the fire and in limiting the extensive structural damage to the third CT Page 713 floor. One of the firefighters was injured. Samples taken from the fire's area of origin were examined by the laboratory and were found to contain evidence of a flammable substance. The fire was determined to be incendiary in origin.
Investigation by the New Haven Arson Squad uncovered two witnesses to the fire, one of whom subsequently identified the defendant, Judson Brown, as the person who was fleeing from the home moments after the fire erupted[1]. Fire investigators also determine circumstantially that the arsonist would have had to know the layout of the home and the shortcomings in the security of the doors and burglar alarm system. In addition, the arsonist must have been capable to safely get by two vicious dogs tied up near the door, which was the point of entry into the home. In examining land records, investigators learned that 670 Prospect Street was at the time of the fire owned by the victim, a woman with whom the defendant had a longstanding relationship, and that the property, six months earlier, had been owned by a corporation of which the defendant was president. It was also determined that the defendant lived in the home until shortly before the fire and was actively involved in attempting to sell the house as late as July 1996. The victim told investigators that she had happened to be in New Jersey with relatives on the night of the fire, having left approximately eight hours before the fire was reported. It was also determined that the home and its contents, which had been uninsured for the previous 18 months, were insured against fire by the victim ten days before the fire. The victim recovered $411,000.00 pursuant to the terms of this policy as a result of the fire loss.
The defendant tried the case pro se, without stand-by counsel.
Counsel for the Petitioner argued to the panel the sentence of 25 years imposed by the trial court was excessive in light of the age and character of the Petitioner and excessive, inappropriate and disproportionate in light of the nature and circumstances of the offense. Counsel urged the court to consider that no life was lost nor did any firefighter suffer serious physical injury. The home was unoccupied at the time of the fire. Counsel related that in experience with other arson one matters, the defendants were sentenced to substantially less time. The Petitioner's counsel urged the court to consider that the Petitioner was 48 years old at the time of sentencing and appeared pro se.
Finally, although the Petitioner's criminal record includes prior felonies for similar crimes for which he received substantial periods of incarceration in the early eighties. He has since that time contributed CT Page 714 to society. Counsel cites examples of the Petitioner's work as founder of an AIDS homeless project and his work to involve youth in aviation as an alternative to a life of crime.
The state urged the panel to affirm the sentence of the trial court and emphasized the trial court, sat through the trial, reviewed thoroughly the background of the Petitioner including Petitioner's prior history for similar conduct prior to imposing sentence.
The Petitioner addressed the panel and urged the court to consider his social productivity and his family history.
The record reveals the trial court found that the maximum sentence should be imposed, with no portion suspended.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-194 et seq.
The Petitioner was convicted of three class A felonies exposing the Petitioner to a maximum sentence of 75 years.
The Petitioner's criminal history began in 1970 and is replete with convictions for crimes relating to theft and fraud. The Petitioner has served substantial periods in prison for similar crimes.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23, et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
 Holden, J. Ford, J. Miano, J.
Holden, J., Ford, J., and Miano, J. participated in this decision.